IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT KELLEY and JILL KELLEY,

CASE NO.: 8:11-CV-1218-T-33AEP

        Plaintiffs,

vs.

FEDERAL INSURANCE COMPANY

        Defendant
_____/

## **ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

COMES NOW Defendant, FEDERAL INSURANCE COMPANY (hereinafter "FEDERAL"), by and through its undersigned counsel, and responds to the Complaint filed by Plaintiffs, SCOTT KELLEY and JILL KELLEY, and states as follows:

1. Admitted for jurisdictional purposes only. Otherwise, denied.

2. Admitted that FEDERAL issued policy number 12977619-01, with effective dates of October 19, 2009 to October 19, 2010. Otherwise, denied.

3. Denied.

4. Admitted that Plaintiffs reported claim number 040510053990 to FEDERAL on or about May 17, 2010. Otherwise, denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Any of the allegations contained in the Complaint of Plaintiffs which have not been expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant, FEDERAL INSURANCE COMPANY (hereinafter "FEDERAL"), and alleges as Affirmative Defenses to the Complaint as follows:

1. As its First Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts that Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as a covered sinkhole loss as defined by the policy of insurance has not occurred. The policy provides:

### EXTRA COVERAGES

> **"Sinkhole loss"** means structural damage to the building, including the foundation, caused by Sinkhole Activity.
>
> **"Sinkhole activity"** means settlement or systematic weakening of the earth supporting such property only when such settlement or systematic weakening results from movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.

2. As its Second Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as this loss is specifically excluded from coverage under the following provision:

### EXCLUSIONS

> **Gradual or sudden loss.** We do not provide coverage for the presence of wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping, however caused, or any loss caused by wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping. We also do not cover any loss caused by inherent vice, latent defect or mechanical breakdown. But we do insure ensuing covered loss unless another exclusion applies.

3.    As its Third Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts The Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as this loss is specifically excluded from coverage under the following provision:

### EXCLUSIONS

> **Structural movement.** We do not cover any loss caused by the settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, wall, floors, roofs, or ceilings except loss caused by sinkhole activity or catastrophic ground cover collapse as provided under Extra Coverages, or loss to glass that is part of a building, storm door, or storm window. But we do insure ensuing covered loss unless another exclusion applies.

4.    As its Fourth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as this loss is specifically excluded from coverage under the following provision:

### EXCLUSIONS

> **Water damage to outside structures.** We do not cover certain kinds of losses to any:
> - fence, arbor, pavement, patio, landing or step;
> - septic system, swimming pool or hot tub including their installed equipment;
> - footing, foundation, wall, or any other structure or device, that supports all of part of your house or an other permanent structure;
> - retaining wall or bulkhead; or
> - pier, wharf, dock or bridge.
>
> These are losses caused by freezing, thawing, or the pressure or weight of water, ice, or snow, even if the water, ice, or snow is driven by wind. But we do insure ensuing covered loss unless another exclusion applies.

5.    As its Fifth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY asserts it has no duty under the policy of insurance as this loss is specifically excluded from coverage under the following provision:

### EXCLUSIONS

>**Dampness or temperature.** We do not cover any loss caused by air dampness or temperature extremes.

6.    As its Sixth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as this loss is specifically excluded from coverage under the following provision:

### EXCLUSIONS

>**Earth Movement.** We do not cover any loss caused by earth movement including volcanic eruptions, landslides, mud flows, and the sinking, rising, or shifting of land. But we do cover losses caused by sinkhole activity, catastrophic ground cover collapse, or mine subsidence as provided under Extra Coverages or by the eruption of a volcano. Losses caused by the eruption of a volcano must be the result of:
>- a volcanic blast or airborne shock waves;
>- ash, dust, or particulate matter; or
>- lava flow.
>
>We also insure ensuing covered loss due to fire, explosion, theft, or glass breakage unless another exclusion applies.

7.    As its Seventh Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as this loss is specifically excluded from coverage under the following provision:

### EXCLUSIONS

>**Neglect.** We do not cover any loss caused by your failure to use all reasonable means to protect the property before, at, or after the time of a loss.

8.    As its Eighth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as this loss is specifically excluded from coverage under the following provision:

## EXCLUSIONS

**Negligent planning, construction, or maintenance.** We do not cover any loss caused by the negligent acts, errors, or omissions of you or any other person in planning, construction, or maintenance. This exclusion applies only when the loss is caused directly or indirectly by a peril excluded in this section. It does not matter whether the negligent acts, errors, or omissions take place on or off the insured property. "Planning" includes zoning, placing, surveying, designing, compacting, setting specifications, developing property, and establishing building codes or construction standards. "Construction" includes materials, workmanship, and parts or equipment used for construction or repair.

9. As its Ninth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs have no right of recovery under the policy of insurance for the damages claimed in this action, as the damages occurred prior to the effective dates of coverage of the policy. In this regard, the policy provides in pertinent part:

## GENERAL CONDITIONS

**Policy Period.** The effective dates of your policy are shown in the Coverage Summary. Those dates begin at 12:01 a.m. standard time at the mailing address shown. Each renewal period shall be for a similar term.

All coverages on this policy apply only to occurrences that take place while this policy is in effect.

10. As its Tenth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs are barred from recovering in this action as a result of Plaintiffs' failure to comply with the condition precedent to recovery requiring immediate notice of loss. In this regard, the policy provides in pertinent part:

## PROPERTY CONDITIONS

**Notification.** You must immediately notify us or your agent of your loss.

11.     As its Eleventh Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY, asserts Plaintiffs are barred from recovering in this action as a result of Plaintiffs' failure to comply with the condition precedent to recovery requiring the mitigation of damages/protection of damaged property: In this regard, the policy provides in pertinent part:

### PROPERTY CONDITIONS

> **Protect Property.** You must take all reasonable means that are necessary to protect the property from further loss or damage.

12.     As its Twelfth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY asserts Plaintiffs are barred from recovering in this action as a result of Plaintiffs' failure to comply with the condition precedent to recovery requiring compliance with all policy conditions prior to bringing legal action. In this regard, the policy provides in pertinent part:

### SPECIAL CONDITIONS

> **Legal Action Against Us.**
> You agree not to bring legal action against us unless you have first complied with all condition of this policy. For property, you also agree to bring any action against us within five years after a loss occurs, but not until 30 days after proof of loss has been submitted to us and the amount of loss had been determined.

13.     As its Thirteenth Affirmative Defense, Defendant, FEDERAL INSURANCE COMPANY asserts that Plaintiffs' recovery, if any, is limited by the express terms and conditions of the policy of insurance, and is subject to the loss payment provisions of Florida Statutes §627.707(5)(a) and §627.707(5)(b).

### NEUTRAL EVALUATION

Defendant, FEDERAL INSURANCE COMPANY, reserves the right to demand neutral evaluation pursuant to Florida Statutes 627.7074.

## DEMAND FOR JURY TRIAL

Defendant, FEDERAL INSURANCE COMPANY, demands trial by jury of all issues so triable as a matter of right.

WHEREFORE, having fully answered the Complaint of Plaintiffs, Defendant prays that it be discharged with costs cast upon the Plaintiffs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed in the U S Middle District Court, Tampa Division, and sent by facsimile and U.S. Mail to: Michael V. Laurato, Esq., Austin & Laurato, P.A., 1902 W. Cass Street, Tampa, Florida 33606, Attorney for Plaintiffs, on this 21st day of July, 2011.

Respectfully submitted,

**GUY E. BURNETTE, JR., PA.**

*/s/ James S. Constable*
_____
GUY ("SANDY") BURNETTE, JR.
Florida Bar Number:236578
JAMES S. CONSTABLE
Florida Bar Number: 68522
8709 Hunter's Green Drive, Suite 100
Tampa, Florida 33647
(813) 991-5525 / fax (813) 991-7781
DEFENSE COUNSEL FOR
FEDERAL INSURANCE COMPANY